UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURED PARTY ESLYN B. FEHRLIN, | |
| Claimant, | 10 Civ. 05027 (RJH) |
| -against- | **MEMORANDUM OPINION AND ORDER** |
| RICHARD B. LIEBOWITZ, WILLIAM C. EDWARDS MITCHELL NOBLER, RICHARD GALLIGER, AND LIDIA KLEPACZ, | |
| Defendants. | |

Richard J. Holwell, District Judge:

Before the Court are plaintiff[1] Eslyn B. Fehrlin's Application for Permanent Injunction **[4]**, plaintiff's Motion for Sua Sponte **[25]**, defendants the Honorable Richard B. Liebowitz and the Honorable William C. Edwards' Motion to Dismiss **[12]**, and defendants Mitchell Nobler M.D., Richard Gallagher M.D. (s/h/a Richard Galliger), and Lidia Klepacz M.D.'s Motion to Dismiss **[20]**.[2] Because the complaint does not contain factual material sufficient to support any cause of action, defendants' motions are GRANTED and plaintiff's motion is DENIED.

---

[1] Plaintiff Fehrlin labels herself as "CLAIMANT." (Compl. at 1.)
[2] Defendants' motions are unopposed. Pursuant to the Court's scheduling order, Fehrlin's opposition was due October 22, 2010. Having no opposition by November 15, 2010, the Court proceeded to decide these motions to dismiss.

## DISCUSSION

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 692 (2d Cir. 2009). The complaint's allegations, however, "must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476 (2d Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal quotation marks omitted).

*Pro se* plaintiffs are held to less stringent pleading standards than are licensed attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must "construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Magdalena v. Cuomo*, No. 10-CV-4584 (SLT), 2010 WL 4222048, at *1 (E.D.N.Y. Oct. 20, 2010).[3]

Fehrlin's complaint is barely comprehensible. Read in the light most favorable to plaintiff, the Court reads the complaint as an attempt to state ten possible legal claims. These claims include violations of "the Secured Private life" of Fehrlin, of the Fourteenth

---

[3] At the time of filing her complaint, Fehrlin was not actually proceeding *pro se*. The complaint was signed only by one Charles Hecker, purporting to act as Fehrlin's attorney. (Compl. at 13.) Concerned that Hecker was not an attorney, on October 13, 2010, the Court ordered Hecker to show cause that has was licensed to practice law in New York. As Hecker was unable to provide any proof that he was so licensed, the Court enjoined Hecker from continuing to represent Fehrlin and from continuing to practice in the Southern District of New York until he produces a valid law license issued by New York. (Order of Nov. 29, 2010.) That order leaving Fehrlin without any attorney, and Fehrlin's complaint having been drafted without any assistance from an attorney, the Court considers her complaint as drafted by a *pro se* litigant.

Amendment, and of the Uniform Commercial Code ("U.C.C."). (Compl. at 5-6.) Kidnapping, fraud, and breach of fiduciary duty are also alleged. (*See generally*, *id*.)

Though the Court cannot be certain, the complaint might be attempting to allege that certain doctors at "Westchester Medical Center" (defendants Nobler, Gallagher, and Klepacz) and certain New York State Judges (defendants Liebowitz and Edwards) conspired to institutionalize plaintiff and subject her to involuntary medication without due process and in violation of state and federal law (*Id*. at 3.) Unfortunately the complaint presents absolutely no facts from which the Court can determine, from common sense and its judicial experience, whether there is any factual basis for her claims. If plaintiff believes she has been injured by the unlawful acts of the defendants, she should file an amended complaint stating in simple terms what happened to her, how each defendant was involved, and why she believes that defendants' actions were unlawful. *See Iqbal*, 129 S. Ct. at 1949. Plaintiff may contact the Pro Se Office in this Courthouse for assistance in preparing any amended complaint, at: United States District Court of the Southern District of New York, Pro Se Office, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 230, New York, New York, 10007; or by calling, between 8:30 a.m. and 5:00 p.m., Monday through Friday, 212-805-0175.

## CONCLUSION

For the reasons stated above, defendants' Motions to Dismiss **[12]** and **[20]** are GRANTED. This dismissal is without prejudice and plaintiff may re-file an amended complaint within sixty days of the date of this opinion. Plaintiff's outstanding motions **[4, 25]** are DENIED as moot without prejudice to being renewed in the event plaintiff files an amended complaint.

SO ORDERED

Dated: New York, New York
November 24, 2010

_____
Richard J. Holwell
United States District Judge

4